UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Chris D. Park, on behalf of and as Power of Attorney for Joshua Ray,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. Bank, N.A.; and Cassaundra Hutcherson,<br><br>    Defendants. | Case No.: 2:13-cv-01912-GMN-PAL<br><br>**ORDER** |

Before the Court is the question of whether to stay this action pending certification of question to the Nevada Supreme Court. The Court conducted a hearing on February 28, 2014, and issued a bench ruling in the affirmative. Accordingly, this Order serves to memorialize the Court's bench ruling.

**I.    BACKGROUND**

In 2000, Warmington Silverado Associates, LP, recorded a Declaration of Covenants, Conditions and Restrictions and Reservation of Easements ("Declaration) for Antigua Condominiums[1], organizing an association of unit owners under the name "Antigua Maintenance Corporation" ("the Antigua HOA") pursuant to Chapter 116 of Nevada Revised Statutes. (*See* Ex. F to RJN, ECF No. 8-6.) The property at issue in this case is subject to the terms of the Declaration, and is located at 1050 East Cactus Avenue, Unit 1021, Las Vegas, Nevada 89183, APN #: 177-27-810-041. (*See* Ex. A to RJN, ECF No. 8-1.) In November 2006, Cassaundra Hutcherson and Christopher Hutcherson bought the property with a mortgage loan secured by a Deed of Trust[2]. (*Id.*)

---

[1] The Declaration is recorded as Book and Instrument No. 20061109-0000280. (Ex. F to RJN, ECF No. 8-6.)
[2] The Deed of Trust is recorded as Book and Instrument No. 20061103-0004854. (Ex. A to RJN, ECF No. 8-1.)

1  Later, Mr. and Ms. Hutcherson failed to pay the assessments due under the Declaration,
2  and the Antigua HOA recorded its lien for the delinquent amounts. (Ex. C to RJN, ECF No. 8-
3  3.)  Specifically, Nevada Association Services, Inc., as agent for Antigua Condominiums,
4  recorded a Notice of Delinquent Assessment Lien on July 20, 2012, as Book and Instrument
5  No. 20120720-0002163, and a Notice of Default and Election to Sell Under Homeowners
6  Association Lien on September 11, 2012, as Book and Instrument No. 20120911-0002643.
7  (Exs. C, D, to RJN, ECF Nos. 8-3, 8-4.)

8  On May 22, 2013, a Foreclosure Deed was recorded as Book and Instrument No.
9  20130522-0003656, signed by Nevada Association Services, Inc., as agent for Antigua
10 Condominiums, purporting to transfer the property to Joshua Ray pursuant to a foreclosure sale
11 conducted on May 17, 2013, upon a bid of $12,000. (Ex. E to RJN, ECF No. 8-5.)

12 On June 10, 2013, Chris D. Park filed a complaint in state court on behalf of and as
13 power of attorney for Joshua Ray (collectively, "Plaintiff"), naming as defendants Cassaundra
14 Hutcherson and U.S. Bank, N.A. ("U.S. Bank"). (Compl., Ex. A to Notice of Removal, ECF
15 No. 1-1.)  Ms. Hutcherson was served on July 8, 2013, and U.S. Bank was served on September
16 17, 2013. (Affs. of Service, Exs. D, E, to Notice of Removal, ECF Nos. 1-4, 1-5.)  U.S. Bank
17 removed the action to this Court on October 17, 2013 (ECF No. 1), and on October 24, 2013,
18 filed its Motion to Dismiss (ECF No. 7) with a Request for Judicial Notice (ECF No. 8).

19 In the Complaint, Plaintiff requests declaratory relief and a court order quieting title in
20 favor of Joshua Ray, free and clear of all prior liens and encumbrances. (Compl., Ex. A to
21 Notice of Removal, ECF No. 1-1.)  The primary issue in dispute is whether U.S. Bank's interest
22 under the Deed of Trust was extinguished by the foreclosure sale conducted pursuant to
23 Chapter 116 of Nevada Revised Statutes. (*See* Mot. to Dismiss, ECF No. 7.)

24 U.S. Bank's Request for Judicial Notice (ECF No. 8) includes the following publicly
25 recorded documents:

1. the Deed of Trust (Ex. A) naming Nationpoint, a division of National City Bank, as beneficiary;
2. the Assignment (Ex. B), dated November 17, 2011, and recorded November 22, 2011, transferring the beneficial interest in the Deed of Trust to U.S. Bank, N.A.;
3. the Notice of Delinquent Assessment Lien (Ex. C) recorded on July 20, 2012, by Nevada Association Services, Inc., as agent for the Antigua HOA;
4. the Notice of Default and Election to Sell Under Homeowners Association Lien (Ex. D) recorded on September 11, 2012, by Nevada Association Services, Inc., as agent for Antigua HOA;
5. the Foreclosure Deed (Ex. E) recorded on May 22, 2013, by counsel for Plaintiff, and signed by Nevada Association Services, Inc., as agent for the Antigua HOA; and
6. the Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Antigua Condominiums (Ex. F).

(ECF No. 8.)

## II.  LEGAL STANDARD

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.

Rule 5 of the Nevada Rules of Appellate Procedure, "Certification of Questions of Law," provides, in part:

> **(a) Power to Answer.**  The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no

        controlling precedent in the decisions of the Supreme Court of this state.
- **(b) Method of Invoking.** This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
- **(c) Contents of Certification Order.** A certification order shall set forth:
    (1) The questions of law to be answered;
    (2) A statement of all facts relevant to the questions certified;
    (3) The nature of the controversy in which the questions arose;
    (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
    (5) The names and addresses of counsel for the appellant and respondent; and
    (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. Appellate P. 5(a)-(c).

## III. DISCUSSION

Chapter 116 of Nevada Revised Statutes codifies Nevada's Uniform Common-Interest Ownership Act, and, with some exceptions, applies to all common-interest communities created in Nevada, including associations of unit owners organized under a properly recorded declaration. Nev. Rev. Stat. §§ 116.001, -.1201, -.2101, -.3101.

"Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. § 116.1113. "The principles of law and equity, including . . . the law of real property, and the law relative to capacity to contract, principal and agent" supplement the provisions of this chapter except to the extent these principles are inconsistent with its provisions. Nev. Rev. Stat. § 116.1108.

Under section 116.3116, an association has a lien on a unit for assessments levied against that unit. Nev. Rev. Stat. § 116.3116(1). Such a lien is prior to all other liens and encumbrances, with certain exceptions. Nev. Rev. Stat. § 116.3116(2).

One exception to this priority rule is "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b). However, under the so-called "super-priority" provision, the lien is

prior to this security interest "to the extent of" charges under § 116.310312[3] and assessments for common expenses under § 116.3115 "which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien," unless federal regulations require a shorter period. Nev. Rev. Stat. § 116.3116(2).

Under section 116.31162, an association may foreclose its lien by sale under certain conditions. Nev. Rev. Stat. § 116.31162.  In 2013, the Nevada Legislature added the following provision, effective October 1, 2013, which applies "only with respect to trust agreements for which a notice of default and election to sell is recorded on or after October 1, 2013":

> The association may not foreclose a lien by sale if:
> (a) The unit is owner-occupied housing encumbered by a deed of trust;
> (b) The beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee has recorded a notice of default and election to sell with respect to the unit pursuant to subsection 2 of NRS 107.080; and
> (c) The trustee of record has not recorded the certificate provided to the trustee pursuant to subparagraph (1) or (2) of paragraph (d) of subsection 2 of NRS 107.086.
>
> As used in this subsection, "owner-occupied housing" has the meaning ascribed to it in NRS 107.086.

---

[3] The current full text of this provision is the following:

> The lien is also prior to all security interests described in paragraph (b) to the extent of ***any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of*** the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien.  If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien.  This subsection does not affect the priority of mechanics' or materialmen's liens, or the priority of liens for other assessments made by the association.

Nev. Rev. Stat. § 116.3116(2) (emphasis added).  The clause, "any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of," and the entirety of § 116.310312 were added by the Nevada Legislature in 2009. *See* Act of May 28, 2009, ch. 248, AB 361, 2009 Nev. Laws 1007.

Act of June 12, 2013, ch. 536, AB 273, 2013 Nev. Laws 3483 (current version at Nev. Rev. Stat. § 116.31162(6)).

Here, because Plaintiff contends that U.S. Bank's interest was extinguished by the foreclosure sale, the question of law that may determine the outcome of this action is whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.  The Court finds that the Nevada Supreme Court has not directly addressed the question and there appears to be no controlling precedent in the decisions of the Nevada Supreme Court.

The Court has considered U.S. Bank's request to certify an additional question, as stated at the hearing and in the Status Report (ECF No. 16) submitted on March 4, 2014; however the Court declines to certify U.S. Bank's proposed additional question at this time.  Accordingly, and as discussed at the hearing, the Court will certify the following question of law:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that the following question of law is **CERTIFIED** to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

*See* Nev. R. App. P. 5(c)(1).  The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3).  Plaintiff (Chris D. Park, on behalf of and as

1  power of attorney for Joshua Ray) is designated as the Appellant, and U.S. Bank, N.A., is
2  designated as the Respondent.  *See* Nev. R. App. P. 5(c)(4).  The names and addresses of
3  counsel are as follows:

| **Plaintiff** | **U.S. Bank, N.A.** |
|---|---|
| Patrick W. Kang<br>Nevada Bar No. 10381<br>Email: pkang@acelawgroup.com | Abran E. Vigil<br>Nevada Bar No. 7548<br>Email: vigila@ballardspahr.com |
| Erica D. Loyd<br>Nevada Bar No. 10922<br>Email: eloyd@acelawgroup.com | Edward Chang<br>Nevada Bar No. 11783<br>Email: change@ballardspahr.com |
| Kang & Associates<br>6480 W. Spring Mountain Rd<br>Suite 1<br>Las Vegas, NV 89146<br>702-333-4223<br>Fax: 702-507-1468 | Matthew David Lamb<br>Nevada Bar No. 12991<br>Email: lambm@ballardspahr.com<br><br>Ballard Spahr<br>100 City Parkway<br>Suite 1750<br>Las Vegas, NV 89106<br>702-471-7000<br>Fax: 702-471-7070 |

18  *See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included in this
19  Order, the Notice of Removal (ECF No. 1), the Request for Judicial Notice (ECF No. 8), and
20  the parties' briefing on the Motion to Dismiss (ECF Nos. 7, 10, 11). *See* Nev. R. App. P.
21  5(c)(6).

22       **IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the
23  Clerk of the Nevada Supreme Court under the official seal of the United States District Court
24  for the District of Nevada. *See* Nev. R. App. P. 5(d).

25       **IT IS FURTHER ORDERED** that all other pending motions are **DENIED without**

**prejudice**, with permission to re-file upon resolution of the Court's Certified Question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that, beginning June 1, 2014, and every three months thereafter, the parties shall submit a Joint Status Report, including a statement from Plaintiff affirming that all taxes, fees and maintenance fees are current and up to date.

**DATED** this 17th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court